# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Sathirawat Saubhayana,

    Plaintiff

v.

Matthew G. Whitaker, Acting U.S. Attorney General, et al.,

    Defendants

Case No.: 2:17-cv-02655-JAD-GWF

**Order Sustaining Objection to Report and Recommendation**

[ECF Nos. 8, 9, 10]

Sathirawat Saubhayana brings this lawsuit under 8 U.S.C. § 1421(c) challenging the denial of his naturalization application.[1] Saubhayana moved for a clerk's entry of default and default judgment early in the litigation; I denied both motions because there was no evidence that any defendant had been properly served with process.[2] Two days after my order, Saubhayana moved under FRCP 4(m) to extend the time to effectuate service.[3] Magistrate Judge Foley recommends that I deny the motion and dismiss this case without prejudice because Saubhayana has not shown good cause for failing to timely serve the defendants.[4] Saubhayana timely objects to the recommendation, arguing that he has shown good cause for the failure, so the court must extend the deadline, or that equity favors extending the deadline because dismissal might bar his naturalization denial from judicial review.[5]

---

[1] ECF No. 1.
[2] ECF No. 7 (minute order).
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 10.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[if] a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure," then "the court must extend the time for service for an appropriate period."[6] Thus, "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect."[7]

Under either standard, Saubhayana must at least show that the failure is the product of excusable neglect. Indeed, the Ninth Circuit has recognized that "[a]t a minimum, 'good cause' means excusable neglect."[8] In determining whether good cause has been shown, courts consider whether (1) "the party to be served personally received actual notice of the lawsuit[,]" (2) "the defendant would suffer no prejudice[,]" and (3) "plaintiff would be severely prejudiced if his complaint were dismissed."[9] In deciding whether to grant an extension under Rule 4(m), courts consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."[10]

Saubhayana's attorney explains that she did not serve the defendants with process because she mistakenly believed that the court would direct the Clerk of Court to do so. The attorney contends that she typically practices before immigration courts, where service rules are

---

[6] Fed. R. Civ. P. 4(m).

[7] *Lemoge v. U.S.*, 587 F.3d 1188, (9th Cir. 2009).

[8] *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

[9] *Id.*

[10] *Id.* (quotation omitted).

2

different, and her only other case before a federal district court was a habeas one where the court directed the clerk of court to effectuate service of process on the defendants. Thus, the failure to serve process is the product of neglect—Saubhayana's attorney's negligence. I note there is no evidence of bad faith and the defendants received actual notice because Saubhayana's attorney sent "courtesy copies of the summons[es] and complaint" to them via regular mail.

The length of delay is not insignificant, but its potential impact on this proceeding is minimal. Saubhayana argues that the defendants won't be prejudiced by the delay because his lawsuit presents a pure question of law—whether the immigration officer erred in finding that Saubhayana did not have good moral character because he had one battery conviction in his record that had been dismissed and sealed under Nevada law—and there are no government witnesses or evidence that would have been affected by the delay. Saubhayana argues that he'll be greatly prejudiced if this lawsuit is dismissed because the time to petition for judicial review expired on October 13, 2007, and unless that time is tolled during the pendency of this lawsuit, any later petition would be time-barred.

Accordingly, with excusable neglect appearing, IT IS HEREBY ORDERED that Saubhayana's objection **[ECF No. 10]** to Magistrate Judge Foley's report and recommendation **[ECF No. 9] is SUSTAINED and the report and recommendation is REJECTED.**

IT IS FURTHER ORDERED that **Saubhayana has until March 14, 2019, to file proof that he has properly served the defendants** with summonses and copies of the complaint as required under FRCP 4. Saubhayana must propose and obtain new summonses for any public-officer defendant who, like Jefferson B. Sessions, no longer holds that office.[11] If Saubhayana

---

[11] Saubhayana sues Jefferson B. Sessions in his official capacity as the U.S. Attorney General, but Sessions no longer holds that office. Matthew G. Whitaker, Sessions's successor and the Acting U.S. Attorney General, is automatically substituted in his place under FRCP 25(d).

3

fails to comply with this court-ordered deadline, this action will be **dismissed** without prejudice and without further prior notice.

Dated: January 29, 2019

_____
U.S. District Judge Jennifer A. Dorsey