# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Sathirawat Saubhayana,<br><br>　　　　Plaintiff<br><br>v.<br><br>William P. Barr, et al.,[1]<br><br>　　　　Defendants | Case No.: 2:17-cv-02655-JAD-EJY<br><br>**Order Granting Defendant's Motion<br>to Dismiss**<br><br>**[ECF No. 23]** |

　　　Sathirawat Saubhayana asks this court to review United States Citizenship and Immigration Services' (USCIS) denial of his naturalization application under 8 U.S.C. § 421(c). USCIS moves to dismiss his petition, arguing that Saubhayana failed to prosecute his application because he didn't provide USCIS with the documents that it requested regarding his 2011 arrest for battery constituting domestic violence.[2] Saubhayana argues that he didn't fail to prosecute his application because he submitted alternative documents showing that his arrest does not preclude him from establishing good moral character. Because Saubhayna hasn't pleaded sufficient facts showing that he had good cause for failing to comply with USCIS's request, I grant USCIS's motion to dismiss the petition, and I give Saubhayana 10 days to amend his complaint.

---

[1] At the time this action was filed, the Attorney General was Jefferson B. Sessions. The current Attorney General, William P. Barr, is automatically substituted as a party in this suit under Federal Rule of Civil Procedure 25(d).

[2] ECF No. 23 at 4 (motion to dismiss).

**Background**

Saubhayana immigrated to the United States from Thailand in 2006 and became a lawful permanent resident two years later.[3] In March 2011, he was arrested in Las Vegas, Nevada, for misdemeanor battery constituting domestic violence, but he was charged only with misdemeanor battery.[4] He pleaded not guilty and later withdrew that plea in exchange for a plea of "[s]ubmit."[5] This charge was dismissed in 2012, and the Las Vegas Municipal Court sealed his criminal record in April 2015.[6]

Six months later, Saubhayana applied to the USCIS for naturalization and disclosed his single arrest for misdemeanor battery.[7] USCIS requested that he provide the police report, criminal complaint, and court disposition for his arrest.[8] During his naturalization interview, Saubhayana told USCIS that he could not provide all of the documents for his arrest because his criminal record is sealed.[9] Because USCIS's document checklist instructs applicants that they may submit "an original statement from the court that no record exists of [the] arrest or conviction,"[10] Saubhayana instead submitted: a certified records check from the Las Vegas Metropolitan Police Department (LVMPD), indicating that it had no arrest records for him; and a certified record request from the Las Vegas Municipal Court, indicating that it was unable to find

---

[3] ECF No. 1 at ¶ 8 (complaint).
[4] *Id.* at ¶ 9.
[5] *Id.* at ¶ 4.
[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 8; ¶ 13.
[8] *Id.*
[9] *Id.*
[10] ECF No. 26 at 13 (emphasis omitted).

2

any records for his case number or any case under his name.[11] USCIS found that Saubhayana failed to prosecute his application because he did not provide the requested documents for his arrest. It denied his application because it couldn't determine whether he had the requisite good moral character without those documents.[12]

**Discussion**

**I.    Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[13] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[14] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[15] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[16]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption

---

[11] ECF No. 1 at ¶ 14.

[12] *Id.* at ¶ 13; ¶ 15.

[13] Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[14] *Twombly*, 550 U.S. at 570.

[15] *Iqbal*, 556 U.S. at 678.

[16] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

3

of truth.[17]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[18]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[19]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[20]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[21]

## II. Standard of review for naturalization applications

As a preliminary matter, Saubhayana initially requested relief under both the Immigration and Nationality Act, 8 U.S.C. § 1421(c), and the Administrative Procedure Act (APA), 5 U.S.C. § 702 et seq.[22]  USCIS argues that this court lacks subject matter jurisdiction over Saubhayana's APA claim because the relief he seeks under the APA is identical to that he seeks under 8 U.S.C § 1421(c).[23]  But, Saubhayana withdrew his APA claim.[24]  So, I need not determine whether this court has subject-matter jurisdiction under the APA, and I address only Saubhayana's claim for relief under 8 U.S.C § 1421(c).

---

[17] *Iqbal*, 556 U.S. at 678–79.
[18] *Id.*
[19] *Id.* at 679.
[20] *Id.*
[21] *Twombly*, 550 U.S. at 570.
[22] ECF. No. 1 at ¶ 1.
[23] ECF No. 23 at 4.
[24] *See* ECF No. 26 at 2 n.1.

4

The United States Attorney General has the "sole authority to naturalize persons as citizens of the United States,"[25] and has delegated adjudicative authority to the USCIS.[26] If USCIS denies an application for naturalization, the applicant may seek judicial review of the denied application in federal court.[27] Federal courts review application denials de novo while making their own findings of fact and conclusions of law[28] and resolving ambiguities in the government's favor.[29] Court's determine whether a crime affects an individual's ability to prove their good moral character on a case-by-case basis.[30]

## III. Requirements for naturalization

The applicant has the burden of establishing that he is entitled to naturalization by a preponderance of the evidence.[31] He must show that he has met all statutory requirements for becoming a naturalized citizen, including that he "has been and still is a person of good moral character" for the five-year period preceding his naturalization application.[32] USCIS must evaluate claims of good moral character on a "case-by-case basis," taking into consideration 8 U.S.C. § 1101(f) and 8 C.F.R. § 316.10, which set out a nonexclusive list of crimes and acts that

---

[25] 8 U.S.C. § 1421(a).

[26] *Id*. at § 1446; 8 C.F.R. § 310.1.

[27] 8 U.S.C. § 1421(c).

[28] *Id*.; *United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004).

[29] *Berenyi v. Dist. Dir., I.N.S.*, 385 U.S. 630, 636–37 (1967) (quotation marks and citations omitted).

[30] *Khamooshpour v. Holder*, 781 F. Supp. 2d 888, 896 (D. Ariz. 2011) ("[T]he circumstances of each crime or conviction must be considered on a case-by-case basis to determine whether the commission of or conviction for a particular crime actual reflects adversely on an applicant's moral character.").

[31] 8 C.F.R. § 316.2(b); *Berenyi*, 385 U.S. 630, 637 (1967); *Hovsepian*, 359 F.3d at 1168.

[32] 8 U.S.C. § 1427(a); 8 C.F.R. § 316.10(a); *Berenyi*, 385 U.S. at 637.

preclude an applicant from showing good moral character.[33] Title 8 § 316.10(b)(3)(iii) of the Code of Federal Regulations contains a catch-all provision that provides that an applicant who "committed [other] unlawful acts that adversely reflect upon the applicant's moral character" during the statutory period lacks good moral character unless the applicant establishes extenuating circumstances.[34] If USCIS believes that the applicant's prior acts fit in this category, it can determine that the applicant lacks good moral character.[35]

**IV. Saubhayana didn't plead sufficient facts to show good cause for failing to provide USCIS with the requested documents.**

After USCIS receives a naturalization application, it must conduct a background investigation and interview the applicant.[36] USCIS has the discretion to request any and all "documents, information, or testimony" that it deems necessary to establish an applicant's eligibility for naturalization, including a determination of present good moral character.[37] If the applicant fails to respond to a document request within 30 days and without good cause, USCIS may consider an applicant as "failing to prosecute" the application and proceed to adjudicate it on its merits.[38] An applicant's partial compliance with USCIS's document request isn't an exemption for failure to prosecute.[39] And an applicants who refuse to provide documents

---

[33] 8 U.S.C. § 1101(f); 8 C.F.R. § 316.10(a).

[34] 8 C.F.R. § 316.10(b)(3)(iii).

[35] *Id.*

[36] 8 U.S.C. § 1446; 8 C.F.R. §§ 335.1, 335.2(a).

[37] 8 C.F.R. § 335.7.

[38] *Id.*

[39] *See Keaik v. Dedvukay*, 557 F. Supp. 2d 820, 828 (E.D. Mich. 2008) (finding that an applicant failed to establish good moral character because he "complied only in part, procuding some (but not all) of the [requested] documents concerning his convictions for driving with a suspended license and none of the documents relating to his other citations.").

because they believe USCIS's request is not relevant also fail to establish good cause for their non-compliance.[40]

To determine whether Saubhayana's arrest precluded him from establishing good moral character under the catch-all provision, USCIS required the underlying details allegedly contained in the documents it requested. It is undisputed that Saubhayana didn't produce the documents that USCIS requested.[41] Saubhayana offers three reasons that his noncompliance with USCIS's request should've been excused: (1) the documents it requested were unavailable because his criminal record is sealed, (2) the requested documents were irrelevant and not necessary because he provided an adequate substitute that complied with USCIS's checklist, and (3) his single arrest does not constitute an unlawful act that bars him from establishing good moral character.[42]

But none of these arguments amounts to good cause. Saubhayana cites no authority to support a finding that a sealed record alone is sufficient to establish good cause[43] And partial compliance with USCIS's request does not amount to good cause because the missing information—the underlying details of his arrest— may be interpreted as a lack of candor, thus precluding his ability to show good moral character.[44] But I am unable to make that

---

[40] *See Grunbaum v. Dist. Dir., Citizen and Immigration Serv., Detroit Office*, 2012 WL 2359966, at *6 (E.D. Mich. May 21, 2012), *report and recommendation adopted*, 2012 WL 2359958 (E.D. Mich. June 21, 2012) (finding that an applicant's excuse that requested divorce documents were irrelevant amounted to failure to prosecute, and because USCIS's investigation revealed that the applicant had not paid child support and had lied during his deposition, the applicant failed to establish that he had good moral character).

[41] ECF No. 1 at ¶¶ 13–14; ECF No. 23.

[42] ECF No. 26 at 15.

[43] *See id.*

[44] *See Keaik*, 557 F. Supp. 2d at 828–29.

determination at this time because I do not have the alternative documents that Saubhayana provided or a record showing that USCIS obtained additional information in its own investigation. Partial compliance amounts to a failure to prosecute regardless.[45]

I am also unable to credit Saubhayana's argument that his single arrest is innocuous without any of the documents before me. It is undisputed that USCIS considered the underlying details of the arrest document to be relevant and that it had the authority to request the documents under 8 C.F.R. § 335.7. An applicant's subjective belief that requested documents are unnecessary is not good cause to ignore or refuse USCIS's document request, as numerous courts have held.[46] USCIS's need for the underlying details to determine whether the arrest charge met the "other unlawful acts" provision is sufficient.[47]

Finally, while Saubhayana argues that the certified, no-record-found documents complied with USCIS's checklist,[48] he fails to show how his compliance with the checklist affects the failure-to-prosecute analysis or excuses his failure to produce the requested documents. Because he has not pleaded facts showing that he had good cause for failing to provide the requested documents, I grant the defendant's motion to dismiss.

---

[45] *Id.*

[46] *See Keaik,* 557 F. Supp. at 828; *Tinoco v. Cioppa,* 2017 WL 3895564, at *6 (N.D. Ill. Sept. 6, 2017) (finding that USCIS's request about the applicant's wire transfers was relevant and not "part of a fishing expedition" when the applicant was believed to be involved in money laundering and narcotics smuggling); *Beleshi v. Holder*, 2014 WL 4638359, at *9 (E.D. Mich. Sept. 16, 2014) (explaining that USCIS's request for the police report relating to the applicant's previous arrest was necessary given the applicant's criminal history and misrepresentations during the interview); *Grunbaum*, 2012 WL 2359966, at *6 (finding that applicant's excuse that the requested documents relating to his divorce were not relevant amounted to failure to prosecute, and USCIS's own investigation, which revealed that applicant had not paid child support and had lied during his deposition, resulted in a finding of lack of good moral character).

[47] 8 C.F.R. §§ 316.10(b)(3)(iii); 335.7.

[48] ECF No. 26 at 13.

## V. Leave to amend complaint

Finally, I consider whether to grant Saubhayana leave to amend his complaint. "The decision of whether to grant leave to amend . . . remains within the discretion of the district court, which may deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."[49] I am not yet convinced that Saubhayana can plead no set of facts to establish that he had good cause, that there is no way to provide those documents, or that he was unable to petition the state court to inspect his sealed criminal record under Nevada Revised Statute § 179.295. So I grant Saubhayana leave to amend his complaint to plead true facts showing that he had good cause for not complying with USCIS's request. Saubhayana is cautioned that his explanation that he didn't think the request was necessary or relevant is unsupported by authority and therefore legally insufficient.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the defendant's motion to dismiss **[ECF No. 23] is GRANTED**. Plaintiff has until March 12, 2020 to amend his complaint if he can plead true facts to support his claim.

Dated: March 2, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[49] *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation and alterations omitted).